IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 98-40698
USDC NO. 6:97-CV-452
_____

ALLEN TYRONE ROBINSON,

Plaintiff-Appellant,

VERSUS

D LUKER, Lieutenant, Powledge Unit
Individually and in Official Capacity;
T MOORE, Lieutenant, Powledge Unit
Individually and in Official Capacity;
J JACKSON, Correctional Officer Powledge
Unit Individually and in Official Capacity;
P BRANHAM, Correctional Officer Powledge
Unit Individually and in Official Capacity;
T BUTLER, Correctional Officer Powledge
Unit Individually and in Official Capacity,

Defendants-Appellees.

---------------
Appeal from the United States District Court
for the Eastern District of Texas
---------------
October 12, 1999

Before JOLLY and SMITH, Circuit Judges, and SARAH S. VANCE,[*]
District Judge.

PER CURIAM:[**]

Allen Tyrone Robinson appeals the dismissal of his civil
rights complaint as frivolous.  We affirm.

_____

[*]     District Judge of the Eastern District of Louisiana,
sitting by designation.

[**]     Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

Robinson alleged in his complaint that Correctional Officers J. Jackson, P. Branham and Lieutenant T. Moore violated prison rules by disclosing that he had filed a grievance against Officer Jackson and another inmate. He further alleged that Jackson, Lieutenant D. Luker and Officer T. Butler retaliated against him for filing the grievance against Jackson by filing two false disciplinary charges against him. Specifically, he alleges that on January 12, 1997, Lieutenant Luker told him that he was ordering Officer Jackson to file a charge against Robinson for sexual misconduct. Robinson claims the charge was false and made in retaliation for his complaint against Jackson. Robinson alleges that three months later Officer Butler filed a false charge against him for being out of place, which he claims was also in retaliation for the charge he filed against Jackson. Robinson suffered no punishment on either disciplinary charge. After he filed the grievance against Jackson, Robinson filed three more grievances between January 12 and March 6, 1997, each of which he appealed to the Regional Director.

On May 15, 1997, Robinson filed this *pro se, in forma pauperis* civil rights action against defendants Luker, Jackson, Branham, Butler and Moore under 42 U.S.C. § 1983. On recommendation of the Magistrate Judge, the district court dismissed Robinson's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The district court found that 42 U.S.C. § 1997(e) mandated dismissal because Robinson failed to allege any physical injury.

2

We review a dismissal under § 1915(e)(2)(B)(i) for abuse of discretion. *See Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A prisoner's *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Harper*, 174 F.3d at 718. In making the "frivolous" determination, a court is not bound to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). However, the § 1915(e) "frivolous" determination cannot serve as a factfinding process for the resolution of disputed facts. *Id*. When the district court dismisses a prisoner's *in forma pauperis* complaint for failure to state a claim under § 1915(e)(2)(B)(ii), on the other hand, we review its determination *de novo*. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

The district court was incorrect in dismissing Robinson's case under 42 U.S.C. § 1997(e) because § 1997(e) prohibits only the recovery of damages for mental or emotional harm absent a physical injury. *Harper*, 174 F.3d at 719. Here, Robinson seeks both declaratory and injunctive relief in addition to damages. However, we can affirm the district court's ruling on any basis supported by the record. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

Robinson claims that a handbook issued by the Texas Department of Criminal Justice provides that grievances are to be kept confidential. He claims that the handbook created a constitutionally protected "liberty interest" in the confidentiality of the prison's grievance procedures. In *Sandin v.*

3

*Connor*, 515 U.S. 472, 483-84 (1995), the United States Supreme Court held that prison regulations generally do not implicate constitutionally protected liberty interests unless they involve freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." After *Sandin*, we stated in *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), that apart from creating a liberty interest in good time credits or parole release, "it is difficult to see that any other deprivations, . . . short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty status." Robinson has not alleged that violation of the confidentiality provision caused him any atypical and significant hardship in relation to the ordinary incidents of prison life within the meaning of *Sandin*. Accordingly, his confidentiality claim is frivolous.

Robinson also alleges that he was retaliated against for filing a grievance against defendant Jackson when Luker, Jackson and Butler conspired to file false disciplinary charges against him. The elements of a retaliation claim are the "invocation of 'a specific constitutional right,' the defendants' intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory <u>adverse</u> act, and causation, *i.e.*, 'but for the retaliatory motive the complained of incident . . . would not have occurred.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, -- U.S. --, 118 S. Ct. 559, 139 L.Ed.2d 400 (1997) (*quoting Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995))

4

(emphasis added).  Even assuming that Robinson invoked a specific constitutional right by filing a prison grievance, his claim fails because he has not asserted a retaliatory <u>adverse</u> act against him. Robinson suffered no punishment on either disciplinary complaint. Further, he does not claim that the alleged retaliation had a chilling effect on his filing of grievances; indeed, he filed three more grievances between January 12 and March 6, 1997 after his initial grievance against Jackson.  Not all threats or deprivations in the prison setting give rise to a constitutional violation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986) (incident involving minor sanction not sufficient to show retaliatory harassment).  Robinson simply has not alleged the type of adverse action that rises to the level of retaliation.  Accordingly, his retaliation claim was properly dismissed as frivolous.

AFFIRMED.