# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 99-60923
_____

Joseph Bourrage,

Plaintiff-Appellant,

versus

Geneva McFarland, Florence Jones, Blanche Flancher, Mont Eaves, and David Turner,

Defendants-Appellees.

_____

## Appeal from the United States District Court
## for the Southern District of Mississippi
## (2:99cv217PG)
_____

February 6, 2001

Before: Kennedy[*], Jones, and DeMoss: Circuit Judges.

PER CURIAM:[**]

Plaintiff, Joseph Bourrage, filed this § 1983 action against several prison officials claiming they

violated his due process and Eighth Amendment rights by extending the length of his punitive confinement

for disciplinary violations. The complaint seeks compensatory and punitive damages as well as injunctive

relief. The district court dismissed the claim for failure to state a claim upon which relief can be granted

pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Bourrage now appeals essentially claiming that (1) the prison

---

[*]Circuit Judge of the Sixth Circuit, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

violated his due process rights by failing to notify him that prohibited behavior while in punitive confinement may extend his stay there and simply by keeping him in punitive confinement for seventeen months and (2) the prison violated his right to be free from cruel and unusual punishment by keeping him in punitive confinement for seventeen months and failing to provide humane living conditions.

We find no merit in these claims, and consequently affirm the district court's judgment. Bourrage's due process claims fail as he does not argue that he was unaware his conduct would result in some form of punishment and he has no liberty interest in being free from segregated confinement. His Eighth Amendment claims fail because his punishment was not disproportionate to his conduct and he does not allege facts that could establish a claim for inhumane conditions of confinement.

**I.**

Bourrage is an inmate at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. As a result of receiving a rule violation report (RVR) for prohibited behavior, he was placed in close confinement (C-custody). Under SMCI's rules, an inmate who receives an RVR must serve six months in C-custody, which time is restarted if the inmate receives an additional RVR during that period. Since receiving his first RVR, Bourrage has received numerous additional RVRs, never completing more than two and one half months in C-custody without receiving an additional RVR.

Believing this sustained C-custody impinged on his constitutional rights, Bourrage filed a § 1983 action alleging that prison officials had violated his Fourteenth Amendment and Eighth Amendment rights. The district court rejected both claims. It ruled that Bourrage did not have a liberty interest to be free from C-custody confinement, and therefore had not sufficiently alleged a due process violation. Nor did he successfully allege an Eighth Amendment violation, it reasoned, because Bourrage had not been subject to wanton punishment. The district court also found that this action could count as a strike against Bourrage under the Prison Litigation Reform Act.

Bourrage appealed. That appeal is now before us.

## II.

We review de novo a district court's decision to dismiss a § 1983 claim under § 1915 (e)(2)(B)(ii) for failure to state a claim. *See Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999); *Harper v. Showers*, 174 F.3d 716, 718 n.3 (5th Cir. 1999). And because Bourrage is proceeding pro se, we construe his submissions liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## A.

We begin our analysis with Bourrage's due process claim. On appeal, Bourrage appears to offer two due process arguments. First, he seems to argue that the length of his confinement alone violates his due process rights. Second, he argues that prison officials violated his rights because they did not provide him with notice that receiving additional RVRs during his C-custody confinement would restart the period of that confinement. Both arguments lack merit.

As a result of the Supreme Court's opinion in *Sandin v. Conner*, 515 U.S. 472 (1995), inmates have a steep hill to climb to make out a claim for a due process violation resulting from punitive segregated confinement. In *Sandin*, the Court severely limited the situations in which an inmate may have a liberty interest in being free from segregated confinement. It began by noting that, by itself, the Due Process Clause does not create such a liberty interest; instead, such liberty interests must be created by the states. *See id.* at 484. And a state may only create such an interest when the restraint involved "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* The court went on to hold that in the plaintiff's case, the segregated confinement the state had subjected him to did not constitute such a hardship, and consequently, the state could not create a liberty interest therein. *See id.* at 485. It hinted that such a hardship may be present where (1) the conditions of the punitive segregated

confinement were different than those of administrative segregated confinement and (2) the state's action "will *inevitably* affect the duration of [the inmate's] sentence." *Id.* at 486-87 (emphasis added).

With *Sandin* in mind, we do not believe that Bourrage can make out a claim that the length of his confinement violated due process as he has no liberty interest in being free from segregated confinement for the state to violate. *See Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995) (holding that "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest"). As Bourrage does not claim that his confinement is markedly different than that for administrative reasons or that his confinement would inevitably affect the duration of his sentence, we reject his length of confinement argument.

We also reject his notice argument. While this Circuit has held that "it is a violation of due process to punish inmates for acts which they could not have know were prohibited," *Reeves v. N.A. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994), that is not what happened here nor is it what Bourrage complains happened. Instead, Bourrage appears to be arguing that he was not notified of the *type* of punishment--his C-custody confinement period restarting-- he would receive for his conduct. That is a far different matter, and we find no precedent suggesting that such notice is required by the Due Process Clause.

As neither argument makes out a due process violation, we reject both.

**B.**

Moving to Bourrage's Eighth Amendment argument, we again find no merit. On appeal, Bourrage argues that his confinement violates his right to be free from cruel and unusual punishment because he has been confined for seventeen months while his original punishment was to be for only six months--that is, he complains his penalty was disproportionate to his conduct. Bourrage also appears to argue that the conditions of his confinement violate the Eighth Amendment because, he alleges, he was prescribed an Albuterol Inhaler as a result of poor ventilation.

"[I]t is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, the Eighth Amendment requires prison officials to provide "humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* (citations and internal quotation marks omitted). For a plaintiff to allege successfully that prison officials have not, he must allege that his punishment involves unnecessary and wanton infliction of pain. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To make that showing the prisoner must demonstrate "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Id.* He must also demonstrate a subjective component, namely that the "responsible prison officials acted with deliberate indifference to his conditions of confinement." *Harper*, 174 F.3d at 720.

Bourrage's allegations concerning the condition of his confinement do not rise to that level. By his own admission, he was given medical treatment, in the form of an inhaler, for whatever problems the alleged poor ventilation caused. He does not allege that treatment was insufficient to remedy the problems caused by the poor ventilation. Consequently, he has not alleged that the prison officials have failed to provide him with medical care or failed to take reasonable measures to guarantee his safety, *see Farmer*, 511 U.S. at 832, and therefore failed to allege an Eighth Amendment violation relating to the conditions of the ventilation in his cell.

Bourrage has also failed to allege an Eighth Amendment claim relating to the length of his confinement in C-custody. While the Supreme Court has recognized that punishment that is grossly disproportionate to an inmate's conduct may rise to the level of an Eighth Amendment violation, *see Hutto v. Finney*, 437 U.S. 678, 685 (1978), that principle is not applicable here. Assuming for the sake of

argument that seventeen months in C-custody would be disproportionate to whatever conduct warranted his receiving an RVR, that principle would not affect this case. Bourrage did not receive seventeen months in C-custody for receiving one RVR, he received seventeen months in C-custody because he received numerous RVRs. Accordingly, Bourrage's argument that his seventeen months in C-custody violates the Eighth Amendment because it is disproportionate to the conduct that warranted the initial RVR he received, fails.

## III.

For the foregoing reasons, we affirm the district court's judgment dismissing Bourrage's claim.[1]

---

[1]In his complaint, Bourrage alleged what appears to be an excessive force claim. He has not raised that issue on appeal.