# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-10553

_____

ELBERT SILAS GREEN,

Plaintiff-Appellant,

VERSUS

HENDRICK MEDICAL CENTER; UNIT HEALTH ADMINISTRATOR;
NFN COLLIER, D.D.S.; NFN MRS. BROWN;
R.O. LAMPERT, SENIOR WARDEN; JAMES DUKE, ASSISTANT WARDEN;
ROCHELLE MCKINNEY, R.N. M.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:98-CV-131)

_____

March 7, 2001

Before REAVLEY, SMITH, and DeMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. (continued...)

Elbert Green, an inmate who since has been released from prison, sued, *pro se* and *in forma pauperis* ("IFP"), Hendrick Medical Center, which is the medical contractor for inmates of the John Middleton Transfer Facility, and various administrators, alleging violations of his Eighth Amendment and due process

---

[*](...continued)
47.5.4.

rights. The district court dismissed these claims as frivolous. We affirm in part, vacate in part, and remand for further proceedings.

## I.

Green alleged violations of his civil rights from alleged deliberate indifference to his dental needs. During meals in the facility, officers forced inmates to eat quickly. Because Green had loose dentures, eating so quickly caused painful lacerations, swelling, and bleeding in his gums. He alleges that this condition caused him to forego one meal each day.

When Green entered the John Middleton Transfer Facility in October 1996, Dr. Collier, the dentist, advised him to replace or reline his dentures. Green submitted a grievance seeking treatment for the condition, but Collier and the warden advised Green that he had to be in the Texas Department of Criminal Justice ("TDCJ") for twelve months to be eligible to get his dentures relined. The warden suggested that Green obtain a blended food pass if he was having trouble eating, but Green appears to have refused, calling the pass "unnecessary punishment" and "tactical delay." He submitted grievances to no avail.

Green sought declaratory relief and monetary damages, contending that his lack of dental treatment violates the Eighth Amendment. The district court referred the case to a magistrate judge, who furnished Green with a questionnaire in lieu of a hearing. In his responses to the questionnaire, Green noted that he controlled his loose dentures with adhesive and had not seen a dentist since the early 1970's. He further explained that the Marshall Formby State Jail, his next facility, replaced his dentures when twelve months had elapsed. Green also presented a copy of the TDCJ's dental services policy, which set forth three levels of urgency for dental care.[1]

The case was transferred to another magistrate judge, who dismissed it as frivolous. Green objected, stating that he had not consented to resolution by a magistrate judge. The district court agreed and issued its own dismissal of the claim as frivolous. The court found that Green was "seen by the medical department eleven times" between his entry into TDCJ and when he received new dentures. It concluded that the defendants had not acted with deliberate indifference and that any harm Green had experienced resulted from negligence only. Green appeals, claiming the court erred in dismissing his claim as frivolous, because it (1) failed to construe his pleadings liberally and (2) relied on medical records developed after the fact of the complaint and not provided to him, in violation of the Due Process Clause.

## II.

A district court must dismiss an IFP suit "if [it] determines that the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it lacks any arguable basis in law or fact. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which . . . does not exist." *Harper v.*

---

[1] "Priority I needs are emergency or urgent problems including traumatic injuries, severe pain, infection, and swelling." Priority II needs include "[f]ull dentures or false teeth . . . for offenders with few teeth or no teeth at all." Priority III care is available after an inmate has served at least six months in the TDCJ system. Priority III care, such as cleanings, fillings, and partial dentures, are available after twelve months.

*Showers,* 174 F.3d 716, 718 (5th Cir. 1999). "A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Harris,* 198 F.3d at 156 (internal quotations omitted). We review a dismissal of an IFP suit as frivolous for abuse of discretion. *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir. 1999).

### A.

Green contends the court did not construe his pleadings liberally. "[C]ourts must liberally construe *pro se* pleadings." *United States v. Riascos,* 76 F.3d 93, 94 (5th Cir. 1996). Construing Green's pleadings liberally, he alleges that the John Middleton facility treated his condition as a Priority III when he had a Priority I emergency. Green believes that his "severe pain" and "swelling" bring him within the ambit of Priority I, while Priority III should be reserved for "cosmetic" treatments.

The district court's opinion essentially addresses this issue. In discussing the standard applicable to Green's Eighth Amendment claim, the court notes:

> Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 105-07 [(1976)]. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

> The Supreme Court has defined deliberate indifference as "subjective recklessness" and:

>> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan,* 114 S. Ct. 1970, 1980 (1994).

> "It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action." *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir. 1993).

Even though the district court did not directly address whether the prison officials misprioritized Green's condition, the decision to classify a medical problem as a Priority III rather than a Priority I is part of the doctor's diagnosis and recommendation for treatment. The above reasoning, then, applies the same to the issue of prioritization as it does to Green's more general claim of deliberate indifference. Thus, Green gains nothing by a more liberal construction, and the district court did not err in that regard. The question remains, however, whether the court erred in finding the claim frivolous.

### B.

#### 1.

Green sued several of the prison officials in their supervisory capacities. Supervisory officials are not liable for the actions of their subordinates on a theory of vicarious liability or *respondeat superior. Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987).

3

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) they implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1993).

With respect to Warden Lampert, Assistant Warden Duke, Nurse McKinney, and Mrs. Brown, Green has alleged only that they denied his grievances. A denial of a prison grievance, even when officials fail to follow internal regulations is not tantamount to a constitutional violation. *See Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986). Moreover, Green has not alleged that these defendants created the policy in question. Thus, the district court did not abuse its discretion in finding that Green's description of these defendants' involvement in his dental care did not establish liability under § 1983. The court correctly dismissed these claims as frivolous.

2.

Green contends that forcing inmates to finish their meals in five to eight minutes violates the Eighth Amendment. He intentionally did not name any of the dining hall supervisors in his complaint that the district court dismissed as frivolous; therefore, he challenges only the constitutionality of the policy.[2]

The Eighth Amendment requires that inmates be provided well-balanced meals with sufficient nutritional value to preserve health. *Berry,* 192 F.3d at 507. If, however, a

___

[2] The court dismissed the claim as frivolous in part because Green did not name the dining hall supervisors in his complaint. We may affirm the district court, however, on any basis supported by the record. *Berry,* 192 F.3d at 507.

deprivation of food does not deny a prisoner the "minimal measure of life's necessities," it does not violate the Constitution. *Id.* (quoting *Talib v. Gilley,* 138 F.3d 211, 213 n.3 (5th Cir. 1998). Even missing fifty meals in five months does not violate the Constitution; indeed, two meals per day may be adequate. *Id.* Green has no constitutionally-protected right to consume his meals at a rate that pleases him.

To the extent that eating quickly exacerbated his medical condition, Green's complaint is not with the dining hall policy, but with his medical treatment. Prison officials offered Green a blended food pass, which he refused. An inmate's disagreement with medical treatment does not give rise to a constitutional claim. *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992). Thus, the court did not err in dismissing this portion of Green's claim as frivolous, because Green seeks to protect a legal interest that does not exist.

3.

Collier, by contrast, had personal involvement in examining Green and denying him treatment. Green argues that Collier was deliberately indifferent to his medical needs, by refusing to replace or reline his dentures sooner and by refusing to treat his sore gums. To succeed on this claim, Green must show that Collier was deliberately indifferent to his serious medical needs, knowingly inflicting wanton and unnecessary pain. *See Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir.), *cert. denied,* 528 U.S. 906 (1999). Inadequate treatment may rise to the level of a constitutional violation, but negligent care or malpractice does not. *Id.* at 534.

Although this standard raises a high bar to

prisoners' claims, the facts Green alleges may support a claim under the Eighth Amendment. For the dismissal to be proper, Green's claim must lack an arguable basis in law or fact; it must rest on the violation of a legal interest that does not exist or allege baseless facts. *Berry,* 192 F.3d at 507. Green has alleged that Collier examined him but refused to provide him with new or relined dentures or to treat his gums. Although "a prison official is not liable for the denial of medical treatment 'unless the official knows of and disregards an excessive risk to inmate health or safety,'" *Harris,* 198 F.3d at 159 (citing *Stewart,* 174 F.3d at 534), Green's claim is not "indisputably meritless." *Harper,* 174 F.3d at 718.

Deprivation of dental treatment may constitute deliberate indifference. In *Harris,* 198 F.3d at 159-60, we recognized that a prisoner presented a cognizable Eighth Amendment claim where prison officials denied him access to dental care for his broken jaw and forced him to eat solid food. One circuit countenanced an Eighth Amendment claim where an inmate's lost dentures caused him bleeding gums, interfered with his ability to eat, and permanently damaged his teeth, but prison officials failed to relieve his pain or prescribe a soft food diet. *See Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989).

In *Chance v. Armstrong,* 143 F.3d 698 (2d Cir. 1998), the court held that a prison dentist's refusal to fill a cavity rose to the level of deliberate indifference, because the tooth deteriorated to the point that it had to be pulled. The *Chance* court found significant that the prisoner's inability to chew properly caused extreme pain and impaired his daily activities. *Id.* at 702-03. Similarly, the court in *Harrison v. Barkley,* 219 F.3d 132, 137-39 (2d Cir. 2000), found that a prison dentist was

deliberately indifferent to an inmate's medical needs when he left a cavity untreated for one year after discovering the condition.[3]

These cases demonstrate that in closely analogous fact situations, courts have recognized claims of deliberate indifference. Certainly, the district court might have distinguished Green's case from the aforementioned examples on the basis that he refused the palliative measure offered him; indeed, Green never asserted that the blended food would not alleviate his pain. The court also might find that Green's condition lacked sufficient degenerative impact to require Collier to treat him more quickly. Additionally, the court might construe Collier's actions as merely negligent treatment. As the district court noted, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action," nor does "mere negligence, neglect, or medical malpractice." *Varnando v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).[4]

This analysis, though, indicates that Green has alleged facts sufficient to raise an Eighth Amendment issue about which reasonable legal minds could differ. Therefore, this claim is not, on its face, indisputably meritless. The court may have erred in dismissing this claim as frivolous.

---

[3] *See also Williams v. Scully,* 552 F. Supp. 431, 432 (S.D.N.Y. 1982) (finding that making an inmate wait 5½ months for a cavity filling presented an issue of material fact as to deliberate indifference).

[4] "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

5

### III.

The district court correctly noted that "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995). If the court relied on properly authenticated medical records from the John Middleton facility, then it may have properly dismissed the claim. Green argues, however, that the court improperly relied on medical records from the Marshall Formby facility, the prison to which he was transferred following his stay at John Middleton. Green maintains that after the initial examination, he received no medical treatment at John Middleton; these records document treatment after the time of the alleged Eighth Amendment violation.

A court may base a dismissal under 28 U.S.C. § 1915(e) "on medical or other prison records if they are adequately identified and authenticated." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). Although we grant wide discretion to the district court to dismiss prisoners' IFP complaints as frivolous, the court must use authentic and reliable evidence. If such documents are not adequately authenticated, judgments that rely on them must be vacated. *Wilson v. Barrientos,* 926 F.2d 480, 483 (5th Cir. 1991).

The court found that "[b]etween the time plaintiff entered [the Texas prison system] and the time he received his new dentures, he was seen by the medical department eleven times and was scheduled for thirteen meetings." The court does not indicate from which facility these records came. These documents are not part of the record on appeal; without them, we cannot determine the credibility either of Green or of the records. "[I]f a prisoner's version of the facts underpinning a civil rights action . . . is inherently plausible and internally consistent, a court may not for purposes of a [§ 1915(e)] dismissal simply choose to believe conflicting material facts alleged by the defendants. It is only for the trier of fact to decide which party is more believable." *Wesson v. Oglesby,* 910 F.2d 278, 282 (5th Cir. 1990).

Moreover, if these records were presented during the magistrate judge's factfinding process in accordance with *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Denton v. Hernandez,* 504 U.S. 25 (1992), the district court arguably used the documents impermissibly to refute Green's testimony. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997) (noting that a defendant may not use medical records to defeat a prisoner's testimony at a *Spears* hearing). In a *Spears* hearing, "the court should allow proper cross-examination." *Id.* Green asserts that the court did not allow him to review or refute this evidence against him.

### IV.

Without more before us, we cannot determine conclusively whether the district court improperly used and relied on these records. Further, without resolving the question of fact as to the institution whence the records come, we cannot decide whether the court properly dismissed Green's claim as frivolous.

Accordingly, we AFFIRM the dismissal of Green's claims against Warden Lampert, Assistant Warden Duke, Nurse McKinney, and Mrs. Brown. We AFFIRM the dismissal of the claim that the prison dining policy violated Green's Eighth Amendment rights. We VACATE and REMAND the dismissal of the claims against Dr. Collier for factual findings

6

consistent with this opinion.  We express no view as to the appropriate ultimate resolution of these claims.