IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31077
Conference Calendar

_____


CHARLES J. TAYLOR,

                                        Plaintiff-Appellant,

versus

BARON KAYLO; BRENT LEMOINE;
BYRON TATE; RICHARD L. STALDER;
JOHNNY CREED,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1502
- - - - - - - - - -
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Charles J. Taylor, Louisiana prisoner # 342777, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
complaint as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  As
the basis of his complaint, Taylor argues that on November 1,
1999, prison officials failed to provide him with the diet food
tray prescribed by the prison doctor.  When he did not receive
the proper meal, he called or "hollered" at the prison guard to
inform him of the oversight.  Taylor alleged that as a result of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the incident the prison guard filed a rule violation report, and Taylor received 10 days in isolation. He does not indicate whether he eventually received the proper meal on November 1, 1999.

Although Taylor may not have received the proper food tray on this one occasion, he does not state a constitutional claim under the Eighth Amendment, because missing one meal does not rise to the level of a cognizable constitutional injury. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Nor has he alleged that a one-day deviation from his dietary plan caused him to suffer any adverse physical effects. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Furthermore, the fact that Taylor was placed in isolation for ten days does not implicate a protected liberty interest or constitutional claim. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The district court did not abuse its discretion when it dismissed his complaint as frivolous. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

In addition to reasserting the underlying merits of his complaint, Taylor argues that (1) the district court overlooked his motion to amend the complaint; (2) the district court violated 28 U.S.C. § 1337 when it denied his various motions; (3) the district court erred when it granted summary judgment without ruling on his motion to compel discovery; (4) the defendants and the district court did not conduct an investigation; (5) the sentence he received was excessive; and (6) the district court overlooked a host of cases, laws, and

prison policies when it rendered its decision. Taylor's arguments are conclusional and frivolous. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (conclusional assertions insufficient to maintain civil rights claim). He fails to explain how the district court's alleged oversights would cure his complaint's fundamental flaw, i.e. he has failed to raise a cognizable constitutional claim based on the alleged deprivation of one meal and ten days in solitary confinement. *See Palmer*, 193 F.3d at 352; *Harper*, 174 F.3d at 719.

Taylor already has accumulated two strikes under 28 U.S.C. § 1915(g). *See Taylor v. Kaylo*, No. 00-31075 (5th Cir. Feb. 14, 2001)(unpublished). This court's dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous count as strikes. He now has at least three strikes for purposes of § 1915 and is prohibited from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Carson v. Johnson*, 112 F.3d 818, 819 (5th Cir. 1997).

DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.