IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40380
Conference Calendar

_____

HERBERT HINES,

Plaintiff-Appellant,

versus

B.E. ZELLER, Assistant Warden; STEPHEN BRYANT, Sergeant;
CURTIS MCKNIGHT, Assistant Warden; ROBERT TREON, Senior Warden;
PATRICK M. MARRON, Major; PRISCILLA DALY, Regional Director;
CLARNCE HENNERY, Lieutenant; UNIDENTIFIED LEE, Lieutenant; H.L.
FRY; T. MEDER; KAVIER L. KING, Lieutenant; TELISA TRIMBLE,
Correctional Officer III; JACQUELINE R. HELMES, Correctional
Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-191
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Herbert Hines, Texas prisoner number 658911, appeals the
district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous and for failure to state a claim.  Hines first contends
that the defendants conspired to deprive him of his civil rights
in violation of 42 U.S.C. § 1985 by making him pay a filing fee.
Because this issue was not presented to the district court, we

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

will not consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Hines' claims in relation to the violation of prison regulations, the quality of medical care he received, and the denial of his grievance do not implicate constitutional concerns and thus are not cognizable in this 42 U.S.C. § 1983 civil rights action.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Hines thus has not shown that the district court erred in dismissing these claims.

Hines likewise has not shown that the district court erred in dismissing his claim that the defendants were deliberately indifferent to his medical needs, as he has not shown that their actions constituted an unnecessary and wanton infliction of pain. See Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Hines has not shown that the district court erred in dismissing his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim.  See Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999).  Accordingly, the judgment of the district court is AFFIRMED, and Hines' motion for appointment of counsel is DENIED.