IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 97-60822

ROY RANDALL HARPER,

Plaintiff-Appellant,

VERSUS

KIM SHOWERS; ED HARGETT; RAYMOND ROBERTS; BARRY PARKER;
ROBERT ARMSTRONG; RAYFORD JONES; BOBBY BUTLER; STEVE W
PUCKETT, Commissioner, Mississippi Department of
Corrections; EARL JACKSON, Case Manager Supervisor; ANN L
LEE, Director Classification;

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

May 24, 1999

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Roy Randall Harper appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous. Because the district court properly dismissed part of the action but failed adequately to address a claim that arguably states a constitutional violation, we affirm in part, reverse in part, and remand for further proceedings.

I.

Harper alleges that, since an escape attempt after which he was placed in a front cell where he could be observed twenty-four hours a day, Major Kim Showers and other prison officials have housed him in a manner that subjects him to cruel and unusual punishment. He asserts that he is moved to a different cell at least once per week, with a thorough search, *i.e.*, a shakedown, of his cell each time he is moved. He continually is placed in cells next to psychiatric patients who scream, beat on metal toilets, short out the

power, flood the cells, throw feces, and light fires, resulting in his loss of sleep for days at a time. He often is moved into filthy, sometimes feces-smeared, cells that formerly housed psychiatric patients. These malicious and sadistic acts have deprived him of cleanliness, sleep, and peace of mind.

Harper claims that only a few of the inmates housed in his secure unitSSa number of whom are classified as escape risksSShave been placed on Showers's weekly move list. He further avers that no logical security justification or other purpose supports these frequent moves in such a secure unit, where at-risk prisoners are kept under around-the-clock observation. He asserts that the change in his classification status onto a move list without employing legitimate disciplinary or classification procedures violates due process.

Harper placed some defendants on notice of his complaints by following the administrative remedy procedures; others are on notice by virtue of their official positions. He further claims that it was within each defendants' individual and official capacities to intercede to stop the harassing procedures. Instead, all have concurred in them. Harper further alleges that the failure of supervisory personnel to take action against Showers through the administrative remedy procedures Harper pursued demonstrates deliberate indifference, contributing to the constitutional violations.

## II.
Harper sued a number of Mississippi Department of Corrections officials and employees, alleging that they had subjected him to cruel and unusual punishment and that the classification system they employed denied him due process and equal protection of the laws.[1] He seeks a declaratory judgment, recognizing the constitutional violations, and injunctive relief, enjoining further harassment. He also seeks compensatory damages for his emotional distress and mental anguish.

The magistrate judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), during which Harper primarily complained about the manner in which his classification status is determined.[2] The magistrate judge determined that Harper failed to a state a claim that implicated any constitutional protections. Characterizing the claims as no more than Harper's disagreement with his classification as an "extreme security risk," a reasonable classification in light of Harper's successful and attempted escapes and repeated possession of unauthorized items, the magistrate judge recommended that the complaint be dismissed as frivolous because it lacked an arguable basis in law. He did not specifically address the Eighth Amendment claim. The district court adopted the report and recommendation and dismissed the complaint as frivolous.

## III.
A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks an arguable basis in law or fact. *See Denton v.*

---

[1] Harper initially pursued the action with a co-plaintiff, H. Trent Eason. Although Eason has signed what is entitled the "Appellants' Brief," he did not file a notice of appeal, so he is not an appellant, and we do not consider his arguments.

[2] Neither the magistrate judge nor Harper raised the Eighth Amendment issues. Harper did request to read his complaint aloud to ensure that he did not forget anything. The magistrate judge denied the request.

*Hernandez*, 504 U.S. 25, 31-32 (1992); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *see also* 28 U.S.C. § 1915(e)(2)(B)(i) (allowing dismissal of *in forma pauperis* action if frivolous). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). We review the dismissal of a frivolous complaint for abuse of discretion. *See Denton*, 504 U.S. at 33-34; *Davis*, 159 F.3d at 1005.[3]

### A.

The court did not abuse its discretion in dismissing Harper's claim as it relates to his classification. "Inmates have no protectable property or liberty interest in custodial classifications." *Whitley v. Hunt*, 158 F.3d

882, 889 (5th Cir. 1998).[4] Indeed, "absent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (quotation omitted). Because Harper relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless.

### B.

The district court did not address the Eighth Amendment claim; rather, it simply dismissed the complaint, including that claim, as frivolous. We can affirm on any basis supported by the record. *See Davis*, 157 F.3d at 1005.

We affirm the dismissal of Harper's complaint as frivolous insofar as he seeks damages for his emotional suffering that resulted from the alleged cruel and unusual punishment. The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages.[5] Relying on our Eighth Amendment jurisprudence, we have determined that the "physical injury" required by § 1997e(e) "must

---

[3] We recently reviewed a dismissal under both § 1915(e)(2)(B)(i) and (ii) *de novo*. *See Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999). But the *de novo* standard applies only to dismissals for a failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii). *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (applying *de novo* review to § 1915(e)(2)(B)(ii) and abuse of discretion review to § 1915(e)(2)(B)(i)). Here, the court dismissed the action as frivolous, which places the dismissal under § 1915(e)(2)(B)(i). Our earlier holdings applying abuse of discretion to such dismissals control. *See, e.g.*, *id.*; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (reviewing dismissal of claim as frivolous for abuse of discretion); *McCormick*, 105 F.3d at 1061 (same); *see also*, *e.g.*, *Giles v. NYLCare Health Plans, Inc.*, SSF.3dSS, 1999 U.S. App. LEXIS 6370, at *12-*13 & n.14 (5th Cir. April 9, 1999) (noting that when panel opinions are in conflict, the earlier one controls).

[4] *See also Sandin v. Conner*, 515 U.S. 472, 485 (1995) (finding no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (following *Sandin*); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (finding no protectable interest in custody classification).

[5] *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

be more than de minimus [sic], but need not be significant." *Siglar*, 112 F.3d at 193.[6] Here, Harper does not allege any physical injury; in fact, he explicitly notes that he does "not claim physical abuse." Without an allegation of a more than *de minimis* physical injury, this aspect of Harper's complaint lacks any merit.

The underlying claim of an Eighth Amendment violation, however, is distinct from this claim for resulting emotional damages. *See Davis*, 157 F.3d at 1005. Section 1997e(e) prohibits only recovery of the damages Harper seeks absent a *physical* injury. He also seeks a declaration that his rights have been violated, and he requests injunctive relief to end the allegedly unconstitutional conditions of his confinement; these remedies survive § 1997e(e).[7] We must address, therefore, whether Harper states a nonfrivolous Eighth Amendment claim.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations omitted). A two-part test determines whether a prisoner has established a constitutional violation. *See Woods*, 51 F.3d at 581.[8] First,

he must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." *Id.* (quotation omitted).[9] Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement.[10]

Harper alleges that the conditions of his confinement have deprived him of cleanliness, sleep, and peace of mind. These conditions include housing in filthy, unsanitary cells. Such conditions, depending on the facts, might violate the Eighth Amendment. *See Davis*, 157 F.3d at 1006 (and cases cited therein). In addition, sleep undoubtedly counts as one of life's basic needs. Conditions designed to prevent sleep, then, might violate the Eighth Amendment. Furthermore, Harper alleges frequent searches with no purpose but to harass him. The Eighth Amendment "always stands as a protection against" such "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Finally, Harper alleges deliberate indifference on the part of prison officials regarding these conditions.

---

[6] *See also Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999) (explaining *Siglar*).

[7] *See Zehner v. Trigg*, 133 F.3d 459, 462 (7th Cir. 1997) (agreeing that prisoner who cannot seek damages for mental suffering because of § 1997e(e) still can seek injunctive relief).

[8] *See also Helling v. McKinney*, 509 U.S. (continued...)

[8] (...continued) 25, 32-33 (following two-part test, with objective and subjective components); *Davis*, 157 F.3d at 1006.

[9] *See also Helling*, 509 U.S. at 32 (holding prison "must provide for [a prisoner's] basic human needsSSe.g., food, clothing, shelter, medical care, and reasonable safety"); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998).

[10] *See Farmer v. Brennan*, 511 U.S. 825, 837-43 (1994) (elucidating this subjective component of deliberate indifference); *Woods*, 51 F.3d at 581.

4

In light of these allegations, we cannot say that Harper's claim of cruel and unusual punishment is indisputably meritless. The court abused its discretion, therefore, in dismissing it as frivolous.[11] We reverse the dismissal of the claim for declaratory and injunctive relief from this alleged Eighth Amendment violation and remand for further proceedings consistent with this opinion. In all other respects, we affirm the dismissal of the complaint as frivolous.

AFFIRMED in part, REVERSED in part, and REMANDED.[12]

---

[11] We emphasize that we conclude no more than that Harper has alleged a nonfrivolous claim of an Eighth Amendment violation. We do not intimate that Harper has established, or even stated, a claim on which relief can be granted.

[12] Harper's motion to supplement his brief is DENIED.