**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 98-11082

———————

PETER MARTIN BERNARD,

                    Plaintiff-Appellant,

versus

PAUL TONG; BRAD CASAL, Warden; J TOREY NALBONE;
WAYNE SCOTT,

                    Defendants-Appellees.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(2:97-CV-368)

———————————————————————————

August 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB,[*] District Judge.

PER CURIAM:[**]

    Plaintiff Peter Martin Bernard, Texas prisoner # 581959, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. We affirm.

    Bernard alleges that he was exposed to asbestos while hoeing in the prison fields. According to Bernard, the fields were littered with material containing asbestos. He contends that the process of turning the soil released asbestos fibers into the air and, consequently, into his lungs. Bernard filed a complaint under § 1983, seeking $1,000,000 in damages for "mental anguish, mental cruelty, and mental fear," because the defendants had forced him "to submit to working in an environment containing asbestos." The district court dismissed Bernard's complaint as frivolous, because he failed to allege that he suffered any physical injury. Bernard timely filed a notice of appeal.

———————————

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

The Prison Litigation Reform Act ("PLRA") allows the district court to dismiss a prisoner's *in forma pauperis* complaint if the court determines that the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998). We review a district court's finding that a complaint is frivolous under the PLRA for abuse of discretion. *See Black*, 134 F.3d at 734. A complaint is frivolous if it lacks an arguable basis in law or fact. *See id.*

The Prison Litigation Reform Act ("PLRA") provides: "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus his action is barred under the PLRA. *See, e.g.*, *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (dismissing claim for emotional damages where prisoner did not allege any physical injury); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (dismissing claim for damages stemming from exposure to asbestos where prisoner claimed no damages from physical injuries).

The district court did not err in dismissing Bernard's complaint. Accordingly, we AFFIRM the district court.