IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11380
Conference Calendar

_____


ROJELIO M. MINJAREZ,

                                        Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General,
State of Texas; Texas Department of
Criminal Justice, Institutional Division,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-2445-H
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Rojelio Minjarez (TDCJ# 559456) appeals the district court's dismissal as frivolous of his pro se and in forma pauperis civil rights complaint.  Minjarez argued in the complaint that his right to due process was violated when his time credits were forfeited upon the revocation of his mandatory supervision. We review the dismissal of the complaint for an abuse of discretion.  See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Minjarez's complaint was barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) because the success of the complaint would necessarily imply the invalidity of Minjarez's incarceration. On appeal, Minjarez abandons any argument concerning the district court's determination that his claim is barred by <u>Heck</u>. <u>See</u> <u>Al-Ra'id v. Ingle</u>, 69 F.3d 28, 33 (5th Cir. 1995). However, we note that even if Minjarez's complaint were not barred by <u>Heck</u>, it is frivolous because Texas inmates have no constitutionally protected liberty interest in the restoration of previously-forfeited good time credits. <u>See</u> <u>Hallmark v. Johnson</u>, 118 F.3d 1073, 1079-80 (5th Cir. 1997).

AFFIRMED.