IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10576
Conference Calendar
_____

JAMES EARL CANNON,

                                        Plaintiff-Appellant,

versus

V.K. PITTMAN, Warden, Price Daniel Unit;
NFN MENDEZ, Captain,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-93-C
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Earl Cannon (#607764), a state prisoner, has appealed the district court's judgment dismissing his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A dismissal under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

Cannon contends that his right against cruel and unusual punishment under the Eighth Amendment had been violated because he was denied a meal on March 8, 2000. "Punishment rises to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level of cruel and unusual only if it involves an 'unnecessary and wanton infliction of pain.'" Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (quotation marks and citation omitted). To establish an Eighth Amendment violation, Cannon must show "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." Id. To determine whether the deprivation falls below a constitutional threshold depends on the amount and the duration of the deprivation. Id.

Although Cannon insists that deprivation of meals is "an on-going thing on a day to day basis," he has alleged the deprivation of one meal only. He does not contend that he suffered any adverse consequences as a result of missing that meal. The district court did not abuse its discretion in dismissing the complaint as frivolous.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Previously, the district court dismissed another civil rights action as frivolous. See Cannon v. Howard, No. 99-11424 (5th Cir. June 30, 2000) (unpublished) (affirming district court's judgment). Having accumulated three strikes, Cannon is BARRED under § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; § 1915(g) BAR IMPOSED.