IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40925
Conference Calendar
_____

TERRY R. PETITT,

Plaintiff-Appellant,

versus

D. DOUGHTY, Senior Warden; A. COLLINS, Assistant Warden;
L. REEVES, Building Major; R. LAPOINTE, Officer; M. GEERDES,
Lieutenant; D. ALLEN, Correctional Officer III Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-605
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terry R. Petitt, Texas prisoner number 481296, contends that
the district court erred in dismissing his civil rights complaint
as frivolous.  See 28 U.S.C. § 1915A(b)(1).  Petitt contends that
his right to due process was violated during a prison
disciplinary proceeding because he was not provided with
procedural safeguards required by Wolff v. McDonnell, 418 U.S.
539, 563-66 (1974).  Because Petitt's good-time credits have been
restored and the length of his sentence has not been affected,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitt's liberty interests are not implicated by the disciplinary proceeding.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997).  Petitt does not have a protected liberty interest in his custodial classification and his 15-day placement in administrative segregation "does not constitute a deprivation of a constitutionally cognizable liberty interest."  See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

Petitt argued in the district court that his records continued to reflect that his status had been changed because he had used or possessed narcotics.  Petitt has waived this argument by failing to assert it on appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.  The dismissal of the appeal as frivolous and the dismissal of the complaint as frivolous by the district court each count as a strike for purposes of 28 U.S.C. § 1915(g). Petitt now has two strikes.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Petitt that, once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.