IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30438

Summary Calendar
_____

JERROD A. WILSON,

Plaintiff-Appellant,

versus

BURL CAIN; RICHARD L. STALDER,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
(01-CV-59-D)

_____

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jerrod A. Wilson, Louisiana prisoner #254839, contends that the district court erred in dismissing his civil rights complaint as frivolous and as failing to state a claim on which relief can be granted.[1] Wilson claims that his right to due process was violated

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

by a disciplinary proceeding in which he was not provided the procedural safeguards required by *Wolff v. McDonnell*.[2]

We review the district court's determination that the complaint is frivolous for abuse of discretion, and we review dismissal for failure to state a claim *de novo*.[3] A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact.[4] Because at this stage we merely assess the sufficiency of the complaint, we assume that the prison disciplinary proceedings did not provide the procedural safeguards described in *McDonnell*. Nonetheless, because Wilson has not alleged the violation of a protected liberty interest, we find that the district court did not abuse its discretion in dismissing the complaint as frivolous.

Wilson argues that he was deprived of good-time credits at the disciplinary hearing. However, Wilson is not eligible to receive good-time credit under his current sentence, and thus the length of his sentence was not affected by the deprivation. Until such time as the loss of those good-time credits affects the length of his

---

[2] 418 U.S. 539, 563-66 (1974).

[3] *See Harper v. Showers*, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

[4] *See id.* at 718.

2

incarceration, Wilson's claim that the loss of those credits infringed his liberty interest is not ripe.[5]

Wilson also argues that his placement in extended lockdown implicated his due process rights. The Supreme Court in *Sandin v. Conner*[6] explicitly held to the contrary.[7]

Since Wilson's claim of deprivation of a right protected by the Fourteenth Amendment has no arguable basis in law, we AFFIRM the judgment of the district court.

---

[5] *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997); *see also Sandin v. Conner*, 515 U.S. 472, 477-78 (1995) (noting that the prisoner has a liberty interest in early release from prison created by statutes that shorten sentences for good time, not in the good time credits themselves).

[6] 515 U.S. 472, 485-86 (1995).

[7] On appeal, Wilson makes, for the first time, several other arguments. Even if we were to address these arguments, they are not relevant to the question of an unconstitutional deprivation of a right, which is the sole allegation in Wilson's complaint.