IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40381
Conference Calendar
_____

ERIC R. HINKLE,

                                        Plaintiff-Appellant,

versus

JAMES N. PARSONS, Presiding Judge - 349th Judicial
District Court; TOM B. RAMEY, JR., Chief Justice -
12th Court of Appeals; ROBY HADDEN, Justice - 12th
Court of Appeals; JIM WORTHEN, Justice - 12th Court
of Appeals; THOMAS R. PHILLIPS, Chief Justice, Texas
Supreme Court; NATHAN L. HECHT, Justice - Texas
Supreme Court; CRAIG T. ENOCH, Justice - Texas Supreme
Court; PRISCILLA R. OWENS, Justice - Texas Supreme
Court; JAMES A. BARKER, Justice - Texas Supreme Court;
GREG ABBOTT, Justice - Texas Supreme Court; DEBORAH G.
HANKINSON, Justice - Texas Supreme Court; HARRIET
O'NEILL, Justice - Texas Supreme Court; ALBERTO R.
GONZALEZ, Justice - Texas Supreme Court,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-311
- - - - - - - - - - -
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Eric R. Hinkle, a Texas prisoner (# 849430), appeals from

the district court's <u>sua</u> <u>sponte</u> dismissal of his 42 U.S.C. § 1983

civil rights complaint as frivolous and for failure to state a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The district court concluded that the judicial defendants were entitled to absolute judicial immunity and that, to the extent that Hinkle sought injunctive relief, he was seeking review of adverse state-court decisions, a remedy barred by the "Rooker/Feldman" doctrine. See Davis v. Bayless, 70 F.3d 367, 376 (5th Cir. 1995); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The district court did not abuse its discretion in concluding that, based on these grounds, Hinkle's complaint was frivolous. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1998).

Because Hinkle's appeal is without arguable merit, the appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2; see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the instant appeal as frivolous and the district court's dismissal of his § 1983 complaint as frivolous each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Hinkle is cautioned that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.