IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60756
Summary Calendar
_____

MICHAEL A. BOLTON,

Plaintiff-Appellant,

versus

SHELIA FANCHER; C. DAVID TURNER; ROBERT L. JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:01-CV-183-PG
--------------------
April 17, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Bolton, Mississippi prisoner # R4716, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous. He argues that his constitutional rights were violated because 1) he was transferred from Parchman to the Southern Mississippi Correctional Institution and placed in segregated confinement; 2) he was deprived of personal property; 3) the defendant prison officials refused to correct his classification; 4) the conditions of his cell are inhumane (he has only a toilet and the bed on which to sit; he cannot control

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the lighting in his cell; he does not have thermal underwear or a coat without holes to report for yard calls); and 5) he cannot obtain certain food and personal hygiene items from the commissary, though other prisoners in the same type of custody can.  He also argues that the district court dismissed the case without allowing Bolton the opportunity to further develop the facts of his claims.

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir.1998).  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999) (citation omitted).  We review the dismissal of a prisoner's complaint as frivolous for an abuse of discretion.  Id. at 718.

Though the district court could have forwarded Bolton a questionnaire or conducted a hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), a review of Bolton's claims, as alleged in the district court and on appeal, reveal that they lack an arguable basis in law.  The district court's dismissal was not an abuse of discretion.  Bolton's appeal lacks arguable merit, and is DISMISSED AS FRIVOLOUS.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of his appeal as frivolous and the district court's dismissal count as two strikes under 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bolton is warned that if he accumulates three strikes, he may not

proceed IFP in any civil action or appeal while he is incarcerated in any facility unless he is in imminent danger of serious physical injury. See id.

Bolton's motions for the appointment of an attorney and to supplement the record are denied.

DISMISSED AS FRIVOLOUS. MOTIONS DENIED. SANCTION WARNING ISSUED.