United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41362
Summary Calendar
_____

PAULO DE LA ROSA,

Plaintiff-Appellant,

versus

THOMAS PRASIFKA, Warden; JOANN DAVIS; FNU ENCINAS,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-97
---------------------

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Paulo de la Rosa, Texas prisoner # 804662, appeals the

district court's dismissal of his 42 U.S.C. § 1983 suit for

failure to state a claim.  Repeating many of the allegations he

asserted in the district court, de la Rosa argues that prison

employees interfered with his mail by not sending it, by delaying

the sending of mail, by opening his mail, by not providing him

with correct addresses, and by not providing him with free

postage.  He also argues that the warden either refused to

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

provide de la Rosa with grievance forms or denied his requests for a change of his cell classification because his cellmate is instigating fights.

De la Rosa's allegations about interference with his mail and not being granted a cell change were insufficient to establish a constitutional violation and support a claim under 42 U.S.C. § 1983.  See Lewis v. Casey, 518 U.S. 343, 351 (1996); Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). The magistrate judge was correct to dismiss de la Rosa's complaint for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii); Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998).  De la Rosa's motion for the preparation of transcript at government expense is denied.

AFFIRMED.  MOTION DENIED.