United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20367
Conference Calendar

_____

MICHAEL KUYKENDALL,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
EXECUTIVE DIRECTOR; TEXAS BOARD OF
CORRECTIONS; WAYNE SCOTT; R. THALER,
Warden; MARIA I. LUNA, Defendants sued
in their individual and official capacity;
GARRY JOHNSON; UNIVERSITY OF TEXAS MEDICAL
BRANCH; RANDALL HEALY, Dr.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3986
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Kuykendall, Texas prisoner # 737934, appeals the

district court's dismissal without prejudice of his 42 U.S.C.

§ 1983 complaint for failing to exhaust administrative remedies.

He maintains that he may proceed on his claims involving his

medical condition – that prison officials improperly placed him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in a cell with an inmate who had Hepatitis C, causing Kuykendall to contract the disease, and that defendant Healy refused to treat Kuykendall's disease before it had progressed – because the Texas Department of Criminal Justice does not have authority over medical staff.  Kuykendall's assertions regarding his improper housing assignment involve prison life and were within the control of prison officials, so exhaustion was required.  See Porter v. Nussle, 534 U.S. 516, 524-32 (2002).  The evidence presented by Kuykendall establishes that the prison had some formalized method of considering complaints about medical staff available to prisoners.  See 42 U.S.C. § 1997e(a).  Kuykendall has not established that the district court erred in granting summary judgment in favor of the defendants on this ground. See Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).

Kuykendall also contends that he properly exhausted his remedies with respect to his claim that he was not allowed to attend State Classification Committee (SCC) meetings after Warden Thaler implemented a policy and his claim that defendant Luna delayed his release from administrative segregation by denying him a chance to enter a gang denouncement program.  Kuykendall's grievance does not address Luna's failure to admit him into the denouncement program, and he did not exhaust his remedies on this ground.  See Porter, 534 U.S. at 524-32.

Kuykendall did, however, exhaust his remedies with respect to his claim that he was denied due process by his inability to attend an SCC hearing in March 2001 as a result of Thaler's policy. He is not, however, entitled to relief on this ground, as he does not have a liberty interest in his classification as a gang member or in his nonplacement in administrative segregation. See Sandin v. Conner, 515 U.S. 472, 485 (1995); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Consequently, the judgment of the district court is AFFIRMED.