United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40855
Conference Calendar

_____

TONY LEE BLACKLOCK,

                                        Plaintiff-Appellant,

versus

RICHARD MORRIS, Major; THOMAS BOUGHNER, Captain;
DANIEL DOMINGUEZ, Sergeant; ONY TREVINO, Correctional Officer IV;
NORMA SAENZ,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CV-94
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

      Tony Lee Blacklock, Texas prisoner # 660791, appeals from

the district court's dismissal of his 42 U.S.C. § 1983 complaint

for failure to state a claim.  Blacklock argues that the prison

officials were deliberately indifferent to his need for

protection from the other inmates.  Blacklock further alleges

that Thomas Boughner and Norma Saenz violated his civil rights by

reducing his classification status, placing him on restriction,

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and failing to interview witnesses in connection with a disciplinary hearing.

Blacklock has not stated a cognizable claim for relief by showing both that the conditions of his incarceration posed "a substantial risk of serious harm" and that prison officials exhibited deliberate indifference to his need for protection. Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998). Blacklock fails to state a constitutional claim arising out of the disciplinary hearing. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). The district court did not err in dismissing Blacklock's complaint.

Because Blacklock's appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal of Blacklock's complaint for failure to state a claim count as strikes under the Prison Litigation Reform Act. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Blacklock previously earned two strikes in Blacklock v. Hamilton, No. 97-10304 (5th Cir. Oct. 21, 1997) (dismissing as frivolous an appeal from the district court's dismissal as frivolous), and he was cautioned in that opinion that future frivolous civil suits and appeals filed by him would invite the imposition of sanctions. Because Blacklock has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is BARRED from proceeding in forma pauperis in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915 BAR IMPOSED.