United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-30049
Summary Calendar

BARTHOLOMESS ROBICHAUX,

Plaintiff-Appellant,

versus

BURL CAIN; JAMES FELDER; DAVID BONNETT;
MARK PORTACCI; CLAY WILLIAMS; JERRY A. ESTES;
DORA RABALAIS; ANTHONY TARVER, DR.,

Defendants-
Appellees.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CV-804-D
--------------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Bartholomess Robichaux, Louisiana prisoner # 91571, proceeding pro se, appeals the district

court's denial of his motion to proceed in forma pauperis (IFP) on appeal and the district court's

certification that his appeal would not be taken in good faith. The district court dismissed

Robichaux's 42 U.S.C. § 1983 complaint as failing to state a cause of action upon determining that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had failed to allege a physical injury under 42 U.S.C. § 1997e(e). The district court also determined that, even if Robichaux had alleged a physical injury, he had failed to state a claim for unconstitutional conditions of confinement cognizable under 42 U.S.C. § 1983 because he had not alleged the deprivation of a single identifiable human need and had failed to allege facts sufficient to find the defendants, except Warden Burl Cain, liable to him.

Robichaux argues that he has alleged facts sufficient to show that he had sustained a physical injury – the aggravation of his asthmatic condition – as the result of the unconstitutional deprivation of adequate ventilation in his prison cell, and that the defendants were apprised of the conditions in his cell block and the deleterious effect of those conditions on his health and failed to take action to correct the conditions.

Our review of the record shows that the grievances and documents attached to Robichaux's complaint, his motion for injunctive relief, and other documents in the record reveal that Robichaux has state a claim that he suffered more than a de minimus physical injury. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Our review of the record also reveals that Robichaux's allegations are adequate to state a claim concerning a sufficiently serious deprivation of his constitutional rights as well as the defendants' deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Therefore, Robichaux has alleged non-frivolous claims and shown that the district court erred in certifying that his appeal would not be taken in good faith. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In light of our disposition of his motion, Robichaux's contention that the district court should have allowed him to amend his complaint prior to its dismissal is moot.

Robichaux's motion to proceed IFP is GRANTED. The district court's certification that an appeal would not be taken in good faith is VACATED. The dismissal of Robichaux's complaint for failure to state a claim is VACATED, and the case is REMANDED for further proceedings.