United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40565
Conference Calendar

_____

MIGUEL A. MARTINEZ,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; D. STACKS,
Warden, Eastham Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-213
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Miguel A. Martinez, Texas prisoner # 889868, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and

for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

He argues that he has a constitutionally protected liberty

interest in not being classified as a gang member.  He also

argues that the district court erred when it dismissed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint without holding a <u>Spears</u>[**] hearing or allowing him to conduct discovery.

Absent extraordinary circumstances, a prisoner does not have a constitutionally protected liberty interest in his classification or in remaining free from administrative segregation.  See <u>Sandin v. Conner</u>, 515 U.S. 472, 485 (1995); <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999).  Thus, Martinez's complaint failed to state a claim for relief under 42 U.S.C. § 1983.  See <u>Doe v. Rains County Indep. Sch. Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995).

A district court is not required to hold a <u>Spears</u> hearing in every case.  See <u>Beck v. Lynaugh</u>, 842 F.2d 759, 761 (5th Cir. 1988).  Martinez has shown no error in the district court's decision to deny his motion for a <u>Spears</u> hearing.  <u>Id.</u> Additionally, 28 U.S.C. § 1915A(a) directs the district court to review, "as soon as practicable after docketing," a prisoner's complaint against a governmental officer.  The statute contains no requirement for allowing the plaintiff to conduct discovery prior to dismissal.  28 U.S.C. § 1915A.  Martinez's appeal is without arguable merit and is dismissed as frivolous.  See <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Martinez's motion for appointment of appellate counsel is denied.

---

[**] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

The district court's dismissal of Martinez's complaint and the dismissal of this appeal as frivolous both count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Martinez is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.