**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

August 18, 2004

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50039
Conference Calendar

HENRY LEE JOHNS,

                                        Plaintiff-Appellant,

versus

DOUG O'CONNELL, Travis County District Attorney; BRIAN
KINGSTON, Travis County Assistant District Attorney; LIZ
TRULY BURROSS, Court Reporter; AMALIA RODRIGUEZ-MENDOZA,
Travis County Clerk,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-627-JN
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Henry Lee Johns, Texas prisoner # 894486, appeals the
district court's dismissal of his complaint pursuant to 28 U.S.C.
§ 1915(e).  Johns challenges only the dismissal of his 42 U.S.C.
§ 1983 claim of denial of access to the courts, which the
district court held was time-barred.  He has abandoned his other
claims by failing to brief them on appeal.  See Yohey v. Collins,
985 F.2d 222, 224-25 (5th Cir. 1993).  Johns argues that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Travis County District Clerk failed to provide him with a copy of his trial court records. He contends that he has been attempting to obtain these records for the past four years. He asserts that the limitations period should be tolled because of the continuous nature of the dispute. He also argues that there was a conspiracy to deny him access to his trial records.

The applicable limitations period is two years. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). The limitations period begins to run when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (internal quotation marks omitted). In light of Johns's admission that he has been attempting to obtain his trial records for four years, Johns had reason to know of the accrual of his cause of action, and the district court did not abuse its discretion in holding that this claim was time-barred. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). Johns's unsupported assertions that a conspiracy existed and that tolling should apply because the dispute was continuous are insufficient to establish that the limitations period should have been tolled.

Johns's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the complaint and the dismissal of this appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v.

Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Johns is cautioned that if he accumulates three "strikes," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.