United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-10969
Summary Calendar

JOSE A. REYES,

                                                                        Plaintiff-Appellant,

versus

TERRY MCEACHERN, Hale County District Attorney;
DAVID B. MULL, Hale County Sheriff;
CHRISTOPHER J. DELEON, Hale
County Sheriff Department Sergeant,

                                                            Defendants-
                                        Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-175-BG
--------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Jose A. Reyes, Texas prisoner # 1121290, appeals the district court's dismissal of his 42

U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915A, 1915(e).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Reyes argues that in brandishing his weapon, Sergeant DeLeon acted with malice to instill fear in Reyes and to chill his right of free speech. Although prisoners retain the right of free speech that is not inconsistent with legitimate prison interests, not all speech is protected by the First Amendment. Casual conversation confined to a small social group that is not public speech intended to inform, edify, or entertain the listeners is not protected by the free speech clause. See Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989); see also Swank v. Smart, 898 F.2d 1247, 1250-51 (7th Cir. 1990). Assuming that DeLeon's isolated action was sufficient to "chill" Reyes' freedom of expression concerning the Mike Tyson fight, the district court did not err in determining that Reyes failed to state a valid First Amendment claim.

Pointing a gun at a prisoner for no valid reason may give rise to a constitutional claim of the use of excessive force. Factors relevant to determining whether an excessive force claim has been stated include the following non-exclusive list: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)). DeLeon's brandishing of his weapon was unnecessary and a major overreaction to his displeasure with the inmates' conversation about Mike Tyson. However, in the district court, the only injury that Reyes alleged he sustained was his great fear of imminent injury, sleep deprivation, loss of concentration, and worthlessness. His complaint did not allege any physical injuries, de minimus or otherwise. Reyes' assertion for the first time on appeal that the incident increased his blood pressure was not made in his original or amended complaint and

thus this claim is not subject to consideration on review. <u>Leverette v. Louisville Ladder Co</u>, 183 F.3d 339, 342 (5th Cir. 1999).

This court has held that pursuant to 42 U.S.C. § 1997e(e),  a prisoner who has not alleged a physical injury is precluded from seeking compensatory damages. <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999).  Because Reyes has failed to allege that he sustained any physical injury as a result of the incident, he has failed to state a claim under the Eighth Amendment.  Thus, the district court did not err in dismissing the petition for failure to state a claim.  The dismissal of the complaint if AFFIRMED.