**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20305
Conference Calendar

JOHN MARK NIKIRK,

Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Chairman Texas Board of Pardons and
Paroles; RISSIE OWENS; LAFAYETTE COLLINS; TERRI
SCHNORRENBERG; WINONA MILES; S. CRAIG WRIGHT; S. FEINBLATT;
MARK SHEHERD; SPIVEY, Agent Captain; FALLS, Correctional
Officer III; JOHNSON, Correctional Officer III; AMERICAN
CORRECTIONAL ASSOCIATION; JANIE COCKRELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5098
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Mark Nikirk, Texas prisoner # 347180, appeals the
dismissal of his civil rights complaint as frivolous under 28
U.S.C. § 1915(e)(2). The judgment of the district court
dismissing an action as frivolous is reviewed for abuse of
discretion. Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir.
2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nikirk alleged that his supervised release had been unjustly revoked. As found by the district court, Nikirk's civil claim calls into question the validity of the revocation and his current sentence, and it is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Nikirk alleged that inmate head-counts during the night deprive him of sleep and constitute cruel and unusual punishment. Although the intermittent head-counts and use of lighting interrupt Nikirk's sleep, his allegations do not reflect that the conditions resulted in his suffering any serious physical or psychological injury or in the total deprivation of a basic necessity of life. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). Because Nikirk's allegations failed to allege a factual basis for an Eighth Amendment claim, the district court did not abuse its discretion in dismissing the complaint as frivolous.

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Nikirk that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.