United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41313
Summary Calendar

MICHAEL LEE GORDON,

Plaintiff-Appellant,

versus

UP DAY, Case Manager; UP HANES, Assistant Warden; RICKY MCINTOSH,
Unit Manager; UP DOTY, Case Manager Coordinator; UP MCWILLIAMS,
Case Manager; UP WRIGHT, Counselor; UP CRUZ, Counselor; UP
FRANDLE, Counselor; UP HERNANDEZ, Counselor; UP SACKET, Case
Manager; UP HANKS, Case Manager; UP TOWNSEND, Lieutenant; ERNEST
CHANDLER, Warden; KATHLEEN HAWK-SAWYER, Director of the Bureau of
Prisons,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-177
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Lee Gordon, federal prisoner #64459-061, commenced
this civil rights action against a number of Bureau of Prison
employees.  Gordon alleged that he was denied his right of access
to the courts when his case manager lost the documents necessary
to correct a defect in his original petition for a writ of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certiorari to the United States Supreme Court after Gordon asked his case manager to copy them. Gordon was unable to copy the documents himself due to his confinement in the Special Housing Unit.

The district court dismissed Gordon's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Gordon contends that the district court erred in finding that his original petition for a writ of certiorari was untimely. He asserts that his original petition for a writ of certiorari from the Sixth Circuit's November 22, 2000, decision affirming his conviction, was filed on February 24, 2001. He contends that the Sixth Circuit's decision was entered on November 27, 2000, but he has provided no information to support this contention, and it is belied by that court's docket. The Clerk of the Supreme Court issued a letter requesting Gordon to provide a copy of the Sixth Circuit's decision within 60 days, so that the timeliness of his petition for a writ of certiorari could be determined. Because Gordon's corrected petition was lost after he asked his case manager to copy it, he did not file a timely response to the Clerk's request. The district court did not err in holding that, even if Gordon had filed a timely response, his petition for a writ of certiorari still would have been denied as untimely. Accordingly, the district court did not err in dismissing Gordon's claim for denial of access to the courts because this right extends only to nonfrivolous claims. See

Lewis v. Casey, 518 U.S. 343, 355 (1996); Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

Because Gordon sued federal employees, the district court erred in holding that Gordon had an adequate postdeprivation remedy in state court with respect to any claim for the deprivation of property. However, we affirm the district court's dismissal of this claim on the alternative ground that the Federal Tort Claims Act provides such a remedy. Cf. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding with respect to claims against state officials that the intentional deprivation of property does not violate due process if there is an adequate postdeprivation remedy).

AFFIRMED.