# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

No. 09-30762
Summary Calendar

Charles R. Fulbruge III
Clerk

BRANDON R CHAMBERS,

Plaintiff - Appellee

v.

JAMES JOHNSON; J L DECUIR; JEFFREY MELCHIOR,

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-848

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon R. Chambers, Louisiana prisoner # 44028, brought a civil rights suit against, among others, three guards. Those guards, James Johnson, J. L. Decuir, and Jeffrey Melchior, moved for summary judgment based on qualified immunity. The motion was denied, and they appeal. We AFFIRM.

Chambers claims that these defendants used excessive force against him in violation of the Eighth Amendment. His allegations stem from an incident on December 9, 2006. At the time of the confrontation, Chambers was on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"restricted cell status." As a result, he was not permitted to have anything in his cell, not even a blanket, and wore only a paper gown. Chambers acquired a blanket apparently intended for his cell mate who was not on this restricted status. Factual disputes exist as to what occurred. When defendants demanded return of the blanket, Chambers insists that he immediately complied. Chambers further asserts that defendants nonetheless emptied two cans of chemical irritant into his cell and shot him twenty-nine times with a pepper ball launcher.[1] Defendants deny that Chambers complied and allege that, instead, he barricaded himself in the cell using a mattress.

The defendants contend that the use of a pepper ball launcher did not constitute excessive force after attempts to gain Chambers's compliance through direct verbal orders and use of chemical agents proved unsuccessful.

The Magistrate Judge, in a report adopted as the district court's opinion, held that Chambers had sufficiently claimed the use of excessive force in violation of the Eighth Amendment. The contentions of the defendants created a fact issue that could not be resolved on summary judgment.

The denial of a motion for summary judgment based upon qualified immunity is a collateral order capable of immediate review. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Our review is "significantly limited," though, extending to questions of law only. *Kinney v. Weaver,* 367 F.3d 337, 346 (5th Cir. 2004) (en banc). We have authority to review a district court's determination that "a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id.* We may not review, however, a determination that there are genuine issues of material fact about whether defendants engaged in that course of conduct. *Id.* When reviewing the purely legal questions about the claimed course of conduct, we "accept the

---

[1] This device was described in the record as "less than lethal" and apparently involves projectiles containing hot pepper powder which were dispensed using a riot shotgun.

2

plaintiffs' version of the facts as true." *Id.* at 348. There is no basis on which to reverse the finding of a material factual dispute.

Also challenged on appeal was the district court's resolution of the factual dispute of whether Chambers's guilty plea in a prison disciplinary plea arose from the same incident that is the basis for this Section 1983 claim. The defendants allege that he was disciplined for the same incident, and that until the decision on that discipline is set aside, he can not pursue this civil claim. *See Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court did not discuss this issue, though the defendants had raised the point in their summary judgment motion. Perhaps it was ignored because the Magistrate Judge, in denying an earlier motion to dismiss, had found the argument to be "patently disingenuous." That conclusion was based on the Magistrate Judge's fact-finding that the discipline was for events that had occurred on the day before the ones at issue in this suit.

Here, too, we lack jurisdiction on this interlocutory appeal to review the finding that the discipline was not for the same events as the civil claim.

We now review the issues we have authority to review. On an Eighth Amendment claim against prison officials for the use of excessive physical force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Chambers's factual allegations are sufficient to support an Eighth Amendment violation. If Chambers returned the blanket on request, as he asserts, then the defendants could not have reasonably perceived any threat requiring a need to use force. The use of twenty-nine pepper balls following the use of mace after he had complied with the defendants' demands was disproportionate to any possible provocation.

The extent of injury is also questioned. We hold there are sufficient factual assertions that the pain and scarring caused by the use of force was more

than *de minimis*.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

On Chambers's allegations, as summarized by the Magistrate Judge, the defendants' course of conduct was not objectively reasonable under clearly existing law.  *See Hudson*, 503 U.S. at 6-7; *Kinney,* 367 F.3d at 347.

Chambers also moves for appointment of counsel to represent him on appeal.  We have left in place the decision in his favor and thus fail to see exceptional circumstances warranting the appointment of counsel on appeal.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED; APPOINTMENT OF COUNSEL DENIED.