United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20520
Summary Calendar

_____

BILLY GEORGE WILLIAMS,

Plaintiff-Appellant,

versus

R. CLEER; A. HICKSON, Major; J. CANTU;
J. WEAVER; D.M. RICE, Captain;
JACKIE DUPREE; SUSAN L. SCHUMACHER;
MARISCAL, Officer; VAQUERA, Sergeant;
M. JONES, Grievance Supervisor; H. WESTON,
Assistant Warden; K. PRICE, Senior Warden.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2315

_____

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy George Williams, Texas prisoner # 840708, confined in
the Northern District of Texas, appeals the district court's
dismissal with prejudice of his 42 U.S.C. § 1983 civil rights
complaint (seeking damages and declaratory relief) as frivolous.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Williams alleges that he was wrongly charged and convicted of extortion, that while being housed at the high security prison he suffered mental and emotional anguish and was not allowed contact visits, church services, proper exercise, hot food, portions of food, television, and access to the law library, and that there was a retaliatory hold on his inmate account.

A district court may dismiss as frivolous a prisoner's IFP complaint if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *see also* section 1915(e)(2)(B)(i) (allowing dismissal of IFP action if frivolous). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper*, 174 F.3d at 718 (internal quotation marks and citation omitted). This court reviews the district court's dismissal of a frivolous complaint for abuse of discretion. *Id*.

Williams sues various prison employees who participated in his July 23, 2002 prison disciplinary conviction at the Ellis Unit in the Southern District of Texas. Williams asserts that he was wrongly charged and convicted of extortion. Because a favorable judgment as to Williams's claims would necessarily imply the invalidity of Williams's disciplinary conviction at which he was sentenced, *inter alia*, to loss of 750 days good time credit,

2

Williams cannot bring a section 1983 action attacking his disciplinary proceeding and seeking damages until his conviction in those proceedings has been expunged, reversed, or otherwise set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

Williams also contends that thereafter, while being housed at the Clements High Security Prison in the Northern District of Texas, he suffered mental and emotional anguish and was not allowed contact visits, church services, proper exercise, hot food, portions of food, television, and access to the law library. The district court dismissed these claims after determining that the claims and parties were improperly joined and that the claims were filed in the wrong venue.

Although this court liberally construes *pro se* briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this court requires arguments to be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Williams has not argued the factual basis for the district court's dismissal of these claims, Williams has waived that issue on appeal, *see Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999), and this court need not address it. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Williams further asserts that there is a retaliatory hold on

3

his inmate account. A claim of retaliation under section 1983 requires an inmate to "allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (internal quotation marks and citation omitted). Personal beliefs and conclusional allegations are not sufficient. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id*. (internal quotation marks and citation omitted). Williams's claim of retaliation fails to meet these requirements.

Accordingly, the district court did not abuse its discretion in dismissing Williams's claims as frivolous.

However, we modify the judgment of dismissal as follows: as to the claims relating to or complaining of the prison disciplinary conviction, the dismissal is without prejudice to refiling at such time as that conviction has been expunged, reversed or otherwise set aside, see *Stalder* at 191; as to the claims concerning matters at the Clements High Security Prison, the dismissal is without prejudice to refiling in the Abilene Division of the Northern District of Texas.

The district court's judgment, as so modified, is AFFIRMED.

4

AFFIRMED AS MODIFIED.