United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31248
Conference Calendar

_____

DEANGELO WILLIAMS,

Plaintiff-Appellant,

versus

JERRY THOMAS, Doctor, General Physician at Washington
Correctional Institute; KATHY MCGINNIS, Warden of
Medical Treatment; LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1253
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Deangelo Williams, Louisiana prisoner # 416929, appeals from

the dismissal of his 42 U.S.C. § 1983 suit, in which he alleged

that he received constitutionally inadequate medical care.  He

argues that the district court erroneously dismissed his claims

against Dr. Jerry Thomas and Warden Kathleen McGinnis in their

official capacities without prejudice pursuant to FED. R. CIV. P.

12(b)(1) and, additionally, that the district court erroneously

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed his monetary damages and injunctive claims against them in their individual capacities as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Given that Dr. Thomas and Warden McGinnis are agents of the Louisiana Department of Public Safety and Corrections, Williams's monetary damages claim against them in their official capacities was properly dismissed under the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 26 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Williams's complaint and his Spears[**] hearing testimony both evidence that his Eighth Amendment claim was based solely on a disagreement over the type and quality of medical treatment he has received. However, unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Therefore, the district court did not abuse its discretion in dismissing Williams's individual-capacity claims as frivolous. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

The district court's 28 U.S.C. § 1915(e)(2)(B) dismissal counts as a strike. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Williams is cautioned that if he

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.