# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30048
Summary Calendar

RUFUS HAMPTON

Plaintiff-Appellant

v.

KATHLEEN BLANCO, Governor of the State of Louisiana; RICHARD
STALDER, Secretary of the Department of Public Safety and Corrections; BURL
CAIN, Warden at Louisiana State Penitentiary; JOHN DOE, Culinary Food
Service Manager at Louisiana State Penitentiary; LIEUTENANT UNKNOWN
ARMAND

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-617

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rufus Hampton, Louisiana prisoner # 329245, filed a civil rights complaint
challenging the service of spoiled or contaminated food, which made Hampton
ill when it was ingested, and the failure of the defendants to provide an adequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

substitute meal. The district court dismissed Hampton's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On appeal, Hampton asserts that the district court should not have dismissed his complaint before the defendants were served. He also contends that because he was complying with court orders for partial payments, his case should not have been dismissed. Under § 1915(e)(2), the district court may dismiss a case at any time if it is frivolous or fails to state a claim upon which relief can be granted, even if partial payment of the filing fee has been remitted. Hampton asserts that he is being held to a heightened pleading standard. The district court properly found that Hampton had failed to provide "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Hampton also contends that the court improperly dismissed his complaint without providing him with an opportunity to amend. The proposed amendments Hampton submitted, which were received after the district court entered judgment, did not counter the district court's conclusion that Hampton's claims were duplicative and did not establish that defendant Armand had knowledge or intent to cause harm. Thus, any error in denying Hampton an opportunity to amend was harmless. See Bazrowx v. Scott, 136 F.3d 1053, 1054-55 (5th Cir. 1998).

Hampton does not challenge the district court's conclusion that his claims against all the defendants other than Armand were duplicative to the claims he presented in Hampton v. Blanco, No. 3:06-CV-527 (M.D. La. Sept. 11, 2006). When an appellant does not identify any error in the district court's analysis, it is the same as if the appellant did not appeal that portion of the judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Hampton asserts that the district court erred in dismissing his claims against Armand. With respect to the service of the contaminated meatloaf, Hampton has not established that Armand was deliberately indifferent to his

medical or dietary needs. See Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). Hampton does not show that Armand knew of and ignored an excessive risk of harm. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). With respect to Armand's failure to address Hampton's complaints about his replacement meal, Hampton does not allege that he ate the allegedly raw food and thus he cannot show that he suffered physical harm. See 42 U.S.C. § 1997e(e). Hampton's allegation that he was deprived of a single uncontaminated meal is insufficient to set forth an Eighth Amendment violation. See Berry v. Brady, 192 F.3d 504, 506, 508 (5th Cir. 1999); see also George v. King, 837 F.2d 705, 707 (5th Cir. 1988).

Hampton contends that the district court erred in dismissing his lawsuit for failure to prosecute and failure to obey court orders. The district court amended the judgment sua sponte to correct the clerical error and clarified that the dismissal was under § 1915.

Hampton thus has not established that the district court abused its discretion in dismissing his § 1983 lawsuit as frivolous. See Berry, 192 F.3d at 507. The judgment of the district court is thus affirmed. Hampton is informed that, upon our affirmance, the district court's dismissal counts as one strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1986). The district court's dismissal of No. 3:06-CV-527 also counts as a strike under § 1915(g). Hampton is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.