# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30766
Summary Calendar

DAVID D CLIFFORD, also known as Michael J Coleman

Plaintiff-Appellant

v.

JANE DOE, Nurse Practitioner at Elayn Hunt Correctional Center; JOHN DOE, Emergency Medical Technician at Elayn Hunt Correctional Center; J DOE, Medical Records Custodian at Elayn Hunt Correctional Center; ROBERT Y HENDERSON; NATE CAIN, II; PESHOFF; JOSEPH RUEBUSH; MARGARET AUBIN; J BORDELON; LINDA DERISE; CAPTAIN THOMPSON, at PAUL PHELPS CORRECTIONAL CENTER; DELANIE BURGESS; CAPTAIN CLOUD; LIEUTENANT COLONEL CLOUSE; LIEUTENANT COLONEL MYERS; LIEUTENANT PAUL A ROYER; ASSISTANT WARDEN ROY WILLIAMS; COLONEL WILSON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-2368

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

David D. Clifford, Louisiana prisoner # 109543, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against several state and federal prison officials. Clifford contends that the district court erred when it dismissed his denial of medical care claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Specifically, he argues that he had a serious pre-existing back condition, that a private physician prescribed a specific treatment plan, and that the medical staff at the C. Paul Phelps Correctional Center (PCC) refused to comply with the private physician's treatment plan. Clifford also argues that the PCC medical staff denied him medication for his back condition and that the only treatment he received was one day of physical therapy. This court reviews dismissals for failure to state a claim under § 1915A de novo. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

Clifford's amended complaint and the medical records attached to his pleadings show that on May 3, 2006, he was taken to the W.O. Moss Regional Medical Center, where he was examined by Dr. Butler. Without ordering an x-ray, Dr. Butler prescribed 800mg of Motrin three times a day for ten days. He also prescribed a back brace and Capsaicin ointment twice a day, to be ordered by Dr. Crawford at the PCC. Two days later, Dr. Crawford ordered an x-ray of Clifford's lumbar spine. The x-ray results showed that Clifford's alignment, disc spacing, and sacroiliac joints were within normal limits. Based on these results, the PCC medical staff determined that no back brace or Capsaicin ointment would be issued. The PCC medical staff also noted that Clifford was taking 400mg of Motrin twice a day. A doctor's failure to follow the advice of another doctor suggests nothing more than a difference in medical opinion. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999). Further, the question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle v. Gamble, 429 U.S. 97, 107 (1976). Therefore, the PCC medical staff's failure to follow Dr. Butler's

recommended treatment plan did not constitute a deliberate indifference to his serious medical needs. See Stewart, 174 F.3d at 535.

Clifford's amended complaint and the medical records attached to his pleadings also show that Nurse Margaret Aubin prescribed physical therapy for his back problems. Clifford complained that he was unable to perform the prescribed exercises and attempted to refuse the therapy. In addition to physical therapy, Aubin told Clifford that she would prescribe Motrin for his back pain. However, when he went to pick up his medication, Clifford was told that because he had sufficient funds, he could purchase the Motrin in the prison canteen. Although Clifford alleged that indigent inmates could only purchase a limited amount of Motrin each month and that this cap was insufficient to meet his pain management needs, he did not allege that he purchased the maximum amount of Motrin allowed and that he was denied additional tablets. Further, prison records show that Clifford was obtaining Motrin from the prison canteen free of charge. Clifford's allegations were insufficient to state a constitutional violation because, at most, they amounted to a disagreement with the course of medical care provided by the PCC medical staff. Therefore, the district court did not err when it dismissed Clifford's denial of medical care claims for failure to state a claim upon which relief may be granted. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Clifford also contends that the district court erred when it dismissed his claims against Richard Stalder as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Specifically, he argues that as Secretary of the Louisiana Department of Public Safety and Corrections (DPSC), Stalder was responsible for the creation and implementation of Health Care Policy No. HC-03, which provided that DPSC health care providers were not obligated to follow any recommendation or instruction by private physicians, hospitals, or other health care providers. This court reviews dismissals for frivolousness under

§ 1915(e)(2)(B)(i) for abuse of discretion. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

As previously discussed, a doctor's failure to follow the advice of another doctor suggests nothing more than a difference in medical opinion. See Stewart, 174 F.3d at 535. Thus, a policy which allows prison medical officials to either approve or disapprove a private physicians's recommendation raises no constitutional issue. See id. Therefore, the district court did not abuse its discretion when it dismissed Clifford's claims against Stalder as legally frivolous. See Harper, 174 F.3d at 718.

Clifford also contends that the district court erred when it dismissed his due process claims with prejudice. He argues that the dismissal should have been without prejudice until such time as he could satisfy the requirements of Heck v. Humphrey, 512 U.S. 477 (1994). In Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994), this court expressly held that it was not error to dismiss a complaint pursuant to Heck with prejudice. Therefore, the district court did not err when it dismissed Clifford's due process claim arising from the disciplinary proceeding in which he lost good time credit with prejudice until the Heck conditions were met. See id.

Clifford also contends that the district court erred when it declined to exercise supplemental jurisdiction over his state law claims. As previously discussed, the district court did not err when it dismissed Clifford's federal claims. Therefore, the district court did not abuse its discretion in dismissing his state law claims without prejudice. See Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999).

Clifford also contends that the district court erred when it denied his motion for the appointment of counsel. Aside from conclusory allegations, Clifford has failed to show that his case was factually complex or that he was incapable of adequately presenting it. Therefore, he has failed to demonstrate that the district court abused its discretion when it implicitly affirmed the

magistrate judge's denial of his motion for the appointment of counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Finally, Clifford does not challenge the district court's dismissal of his claims against Harry G. Lappin, Nurse Durham, or the unnamed defendants. He also does not challenge the district court's dismissal of the denial of medical care claims arising from his incarceration at the Elayn Hunt Correctional Center, or his equal protection, Americans with Disabilities Act, and Federal Tort Claims Act claims. Further, Clifford does not challenge the district court's determination that: (1) his claims for injunctive relief were moot; (2) the disciplinary proceedings in which he was not deprived of good time credit did not implicate due process concerns; (3) to the extent his complaint could be construed as seeking habeas relief, he failed to exhaust state court remedies; (4) he failed to state a claim for denial of access to the courts; and (5) the two-week denial of out-of-cell exercise was insufficient to establish an Eighth Amendment violation. Therefore, these issues are deemed abandoned. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.