# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-40237
Summary Calendar

HORALDO CABRERA

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; B CHANEY, Senior Warden of the Garza West Unit; D MOONEYHAM, Assistant Warden of the Garza West Unit; T ZAMORA, Major of the Garza West Unit; K LONGORIA, Grievance Officer of the Garza West Unit; SENAIDA AMBRIZ, Law Librarian of the Garza West Unit; K HINOJOSA, Correctional Officer of the Garza West Law Library

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-268

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Horaldo Cabrera, Texas prisoner # 1415663, proceeding pro se and in forma pauperis, appeals the dismissal as frivolous and for failure to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon which relief could be granted of his 42 U.S.C. § 1983 complaint. Cabrera alleged that while he was housed at the Garza West Unit, he was denied his constitutional right of access to the courts and he was subjected to cruel and unusual punishment. He argued that if he left the library to use the restroom, the session was terminated and that he was required to return to his dormitory to use the restroom and was not allowed to use the restroom near the law library. He also alleged that the defendants retaliated against him for filing the instant complaint.

Cabrera has not alleged any specific instance when his ability to pursue his legal claims was hindered as a result of the restroom policy of the Garza West Unit law library. The district court did not abuse its discretion in dismissing this claim as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)*; Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Harper v. Showers*, 174 F.3d 716, 718 & n.3 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Cabrera has not renewed, and has thus abandoned, his arguments that the defendants retaliated against him by searching his papers upon entering the law library and by making him sit apart from the other plaintiffs that were parties to this complaint. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Moreover, he has not challenged the district court's determination that the acts alleged were de minimis and insufficient to give rise to a retaliation claim. Accordingly, he has not shown that the district court erred in finding that he failed to state a claim of retaliation. *Geiger v. Jowers*, 404 F.3d 371, 373 (2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Cabrera also has not demonstrated error in the district court's dismissal of his claims for declaratory and injunctive relief. *See Brinkmann*, 813 F.2d at 748.

Cabrera has not alleged facts establishing that the Garza West Unit's law library restroom policy constitutes a health threat that gives rise to an Eighth Amendment claim. He has not asserted that the defendants knew that he faced

a substantial risk of harm and disregarded the risk of that harm. *See Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). Accordingly, he has not shown that the district court erred in finding that he failed to state a claim of cruel and unusual punishment. *Geiger*, 404 F.3d at 373; *Harris*, 198 F.3d at 156; *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

We will not address Cabrera's claims, raised for the first time on appeal, that his First Amendment right to freedom of religion has been violated, that his First Amendment rights were violated when the defendants took and destroyed his postal stamps, and that there is a wide-ranging conspiracy among prison officials to transfer, with retaliatory intent, litigating prisoners to private facilities for the sole purpose of denying them access to the legal materials needed to further their litigation. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Cabrera's motion for the appointment of counsel on appeal is denied. His appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, we dismiss it as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the dismissal by the district court of Cabrera's complaint both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cabrera is cautioned that he has now accumulated two strikes and that, if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.