# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2014

Lyle W. Cayce
Clerk

No. 13-30866
Summary Calendar

LESLIE JEFFERSON,

Plaintiff-Appellant

v.

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; NURSE LEE; JERRY GOODWIN; JAMES LEBLANC; JOHN DOE; NURSE JEFF; UNKNOWN, E A Conway Hospital,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1317

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Leslie Jefferson, Louisiana prisoner # 442442, proceeding pro se and in forma pauperis (IFP), appeals the dismissal of his 42 U.S.C. § 1983 complaint, which the district court dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Jefferson argues that the defendants were deliberately indifferent to his medical needs, a claim we review for abuse of discretion. *See Harper v. Showers*, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30866

Jefferson asserts that Nurse Lee was deliberately indifferent to his serious medical needs when she treated his injuries, which resulted from a fall from the top bunk in his cell, with only tape stitches. The record shows that Jefferson received treatment for his injuries, including four visits to the prison infirmary, one visit to an external hospital, stitches, a scan, and pain medication. Jefferson's assertions concerning Nurse Lee and the defendants indicate only his disagreement with the prescribed treatment; these assertions are not sufficient to establish that Nurse Lee or the other defendants acted with deliberate indifference to Jefferson's serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Even if these facts show that his treatment was negligent, negligent medical care does not constitute a valid §1983 claim. *See id.*

The appeal is without arguable merit and, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Jefferson's motion for the appointment of appellate counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

The district court's dismissal of Jefferson's complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Jefferson is hereby cautioned that if he accumulates three strikes he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.