Clarence STEPHENS, Plaintiff–
Appellant

v.

Greg ABBOTT, Defendant–Appellee.

No. 14–11238
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 31, 2015.

Clarence Stephens, Abilene, TX, pro se.

Before DAVIS, JONES, and GRAVES,
Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Clarence Stephens, Texas prisoner # 782065, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). We review the dismissal de novo. *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005).

Stephens contends that he was denied due process in connection with his early release from prison and contests the procedures involved in determining his eligibility and suitability for parole and mandatory supervision. Although Stephens is eligible for parole, he has no protected liberty interest in it and is precluded from challenging the state parole procedure on due process grounds. *See Johnson v. Rodriguez,* 110 F.3d 299, 305 (5th Cir. 1997). We otherwise may not review the propriety of the parole procedures set forth by Texas law. *See Swarthout v. Cooke,* 562 U.S. 216, 220–22, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). The nature of Stephens's offense of conviction—aggravated assault with a deadly weapon—renders him ineligible for mandatory supervision, a distinct form of early release that does create a protected liberty interest. *See Malchi v. Thaler,* 211 F.3d 953, 958–59 (5th Cir.2000); *Madison v. Parker,* 104 F.3d 765, 768–69 (5th Cir.1997); TEX. GOV'T CODE ANN. §§ 508.145, 508.147, 508.149. To the extent that Stephens maintains that his due-process rights are implicated by the adverse effects of his prison classification on his consideration for release to parole, his claim is unavailing because he has no protected liberty interest in his prison classification. *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir.1999).

Furthermore, Stephens contends that he is being denied equal protection because

the state statute governing mandatory supervision treats differently offenses with the same degree of seriousness, i.e., inmates convicted of crimes with the same range of punishment are treated differently with regard to their eligibility for mandatory supervision. However, Stephens has not established that he has been treated differently from other inmates who are ineligible for mandatory supervision and, therefore, he has not shown that classifications of similarly situated persons are treated differently. *See Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir.2007). Moreover, the classification that he attacks, which categorizes inmates based upon the type of offense for which they have been convicted, does not implicate a suspect class and is rationally related to a legitimate state interest. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998).

Finally, Stephens raises for the first time on appeal separation-of-powers challenges to the state procedures for early release. We may not consider new theories of review on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999).

Stephens's appeal lacks an arguable basis in law or fact, and, thus, it is dismissed as frivolous. *See* 5TH CIR. R. 42.2. For purposes of the three-strikes provision of 28 U.S.C. § 1915(g), the district court's dismissal under 28 U.S.C. § 1915A counts as a strike, and the dismissal of this appeal as frivolous counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Stephens previously has filed another § 1983 complaint that was dismissed as frivolous and for failure to state a claim; that dismissal also counts as a strike under § 1915(g). *See Stephens v. Livingston*, No. 1:14–CV–00041 (N.D.Tex. Oct. 22, 2014); *Coleman v. Tollefson*, —— U.S. ——, —— - ——, 135 S.Ct. 1759,

1763–64, 191 L.Ed.2d 803 (2015). Stephens therefore has accumulated three strikes for purposes of § 1915(g), and he is prohibited from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Furthermore, we warn Stephens that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Stephens also is warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.