# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2015

Lyle W. Cayce
Clerk

No. 14-11225
Summary Calendar

CLARENCE STEPHENS,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director of Texas Department of Criminal Justice; EDDIE L. WHEELER, Senior Warden of French M. Robertson Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-41

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:*

Clarence Stephens, Texas prisoner # 782065, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). We review the dismissal de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11225

Stephens contends that he was denied due process in connection with his early release from prison and contests the procedures involved in determining his eligibility and suitability for parole.  He maintains that the parole board, which is statutorily required to reconsider the denial of parole, has suspended his eligibility for parole.  Stephens further argues that his prison classification, which implicates his ability to earn good-time credits, and the outcome of his unfairly conducted disciplinary hearings have adversely affected his eligibility for parole.

While Stephens is eligible for parole, he has no protected liberty interest in it and is precluded from attacking state parole procedures on due process grounds.  *See Johnson v. Rodriguez,* 110 F.3d 299, 305 (5th Cir. 1997).  We otherwise may not review the propriety of the parole procedures set forth by Texas law.  *See Swarthout v. Cooke,* 562 U.S. 216, 220-22 (2011).  To the extent that Stephens alleges that his due-process rights are implicated by the adverse effects of his prison classification on his consideration for release to parole, his claim is unavailing because he has no protected liberty interest in his prison classification.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  He has not set forth any other punishment imposed in his disciplinary proceedings that concerns a protected liberty interest.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Because Stephens has not demonstrated an underlying constitutional violation, he has not alleged a basis for supervisory liability.  *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Stephens argues for the first time on appeal that the state procedures for early release violate separation-of-powers principles.  We may not consider new theories of review on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Stephens has abandoned his claim that he was

No. 14-11225

denied equal protection.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Stephens's appeal lacks an arguable basis in law or fact, and, thus, it is dismissed as frivolous.  *See* 5TH CIR. R. 42.2.  We recently imposed a bar under 28 U.S.C. § 1915(g) because Stephens has accumulated three strikes, but we do not apply the bar in this case because he has not sought to proceed in forma pauperis and has paid the necessary filing fee.  *See Stephens v. Abbott*, 608 F. App'x 305 (5th Cir. 2015).   Nevertheless, we warn Stephens that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  He also is warned that he should review any pending appeals and actions and move to dismiss any that are frivolous or repetitive.

APPEAL DISMISSED; SANCTION WARNING ISSUED.